# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| AYMAN AMARA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-cv-01054 RLW |
| | ) |
| BOEING, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Ayman Amara's motion for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court has determined that it has insufficient financial information to grant the motion at this time. Therefore, for the reasons discussed below, the Court will order plaintiff to supplement his application with information regarding his wife's income and financial assets.

## Background

Plaintiff is a self-represented litigant who has filed an employment discrimination complaint against Boeing, Boeing Defense Space and Security, and David Calhoun. (Docket No. 1). Along with the complaint, he has filed a motion for leave to proceed in forma pauperis and a motion for appointment of counsel. (Docket No. 2; Docket No. 3).

In his application for leave to proceed in forma pauperis, plaintiff asserts that he receives no income other than Social Security retirement income, and Social Security income for his beneficiary children. (Docket No. 2 at 1). He further declares that he has $500 in a checking or savings account, stock worth $2,000, and owes $7,000 in medical bills. (Docket No. 2 at 2).

Although plaintiff indicates that his wife is gainfully employed (Docket No. 1-3 at 5), he offers no information about her finances.

## Discussion

The Clerk of Court in each district court is required to collect a filing fee from any party "instituting any civil action, suit or proceeding in such court." *See* 28 U.S.C. § 1914(a). For persons unable to pay the fee, 28 U.S.C. § 1915 allows a party to proceed in forma pauperis. *See Greaser v. State of Missouri, Dep't of Corrs.*, 145 F.3d 979, 985 (8th Cir. 1998). This statute "is designed to ensure that indigent persons will have equal access to the judicial system." *Id*. Pursuant to § 1915, a federal district court may authorize the commencement of a civil action without prepayment of the fees "by a person who submits an affidavit that includes a statement of all assets such [person] possesses." 28 U.S.C. § 1915(a)(1). *See also* E.D. Mo. L.R. 2.05(A) ("An application to proceed in forma pauperis shall be accompanied by a statement of the applicant's financial information set forth on a form provided by the Court. The Court may require the submission of additional information in a particular case").

In forma pauperis status, however, is a matter of privilege, not of right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). To enjoy the statute's benefits, a plaintiff has to demonstrate that, because of his poverty, he cannot pay for the litigation costs and still be able to provide for "the necessities of life." *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The determination of whether to grant or deny in forma pauperis status under 28 U.S.C. § 1915 is within the sound discretion of the trial court. *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000).

Here, the Court is not convinced that plaintiff is unable to pay his litigation costs. Specifically, although he has indicated that his wife is employed, he offers no information

2

regarding her financial resources. The income and assets of an applicant's close family members are relevant to the determination of the applicant's indigence. *See Lee v. Walmart Stores, Inc.*, No. 3:92-CV-465 AS, 1993 WL 316756 at *3-4 (N.D. Ind. Aug. 18, 1993) (collecting cases); *Sellers v. United States*, 881 F.2d 1061, 1063 (11th Cir. 1989) (per curiam) (finding that funds "derived from family sources" are relevant to a determination as to whether a plaintiff may proceed in forma pauperis); *Fridman v. City of New York*, 195 F.Supp.2d 534, 537 (S.D.N.Y. 2002) (explaining that in assessing a motion for leave to proceed in forma pauperis, "a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling, or other next friend"); *Williams v. Spencer*, 455 F. Supp. 205, 209 (D. Md. 1978) ("The question under 28 U.S.C. [§] 1915 is whether the litigant is unable to pay the costs, and the answer has consistently depended in part on [the] litigant's actual ability to get funds from a spouse[.]").

The Court will therefore direct plaintiff to file a written supplement to his application for leave to proceed in forma pauperis by December 1, 2022. Plaintiff shall specify (1) his wife's monthly or yearly income, and (2) the amount of money he and his wife have in cash, checking, and/or savings.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) and his motion for appointment of counsel (Docket No. 3) are held in **ABEYANCE**.

**IT IS FURTHER ORDERED** that plaintiff shall file a written supplement to his application for leave to proceed in forma pauperis by **December 1, 2022**. The supplement shall

include (1) his wife's monthly or yearly income, and (2) the amount of money he and his wife have in cash, checking, and/or savings.

**IT IS FURTHER ORDERED** that failure to comply timely and fully with this Order will result in the denial of Plaintiff's motion for leave to proceed in forma pauperis.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT COURT**

Dated this 1st day of November, 2022.