## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| AYMAN AMARA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-cv-01054 RLW |
| | ) | |
| BOEING, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Ayman Amara's motion for leave to proceed in forma pauperis (Docket No. 2) and motion for appointment of counsel (Docket No. 3). For the reasons discussed below, plaintiff's motion for leave to proceed in forma pauperis will be denied as moot, and his motion for appointment of counsel will be denied at this time. Furthermore, plaintiff is advised that because he is not proceeding in forma pauperis, he is responsible for serving defendants.

### Motion for Leave to Proceed in Forma Pauperis

When he filed his complaint, plaintiff also submitted a motion for leave to proceed in forma pauperis, seeking to initiate this action without prepayment of the required filing fee. (Docket No. 2). On November 1, 2022, the Court directed plaintiff to submit additional information regarding this motion. (Docket No. 5). In response, plaintiff has paid the full filing fee. Therefore, the motion for leave to proceed in forma pauperis will be denied as moot.

### Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel. (Docket No. 3). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*,

721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

### Service

In cases where a pro se litigant is proceeding in forma pauperis, "[t]he officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). This provision is compulsory. *Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997). As such, a litigant proceeding in forma pauperis is entitled to rely on service by the United States Marshals Service. *See Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). As noted above, however, plaintiff is not proceeding in forma pauperis, but has paid the filing fee. Therefore, plaintiff is responsible for serving defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure. Listed below are two options for service of process.

**Option I:** Plaintiff may serve defendants with summonses. To do so, plaintiff must submit

2

to the Clerk of Court for each of these defendants: i) a file-stamped copy of his complaint; ii) a completed summons form (AO Form 440); and iii) a completed "Notice of Intent to Use Private Process Server" form. *See* Fed. R. Civ. P. 4(b); and E.D. Mo. L.R. 2.02(B). The "Notice of Intent to Use Private Process Server" form must include the name and address of the process server who will be effectuating service upon defendants. "Any person who is at least 18 years old and not a party may serve a summons and complaint." *See* Fed. R. Civ. P. 4(c)(2). Plaintiff must complete these forms and return them to the Clerk's Office. Once plaintiff submits these forms, the Clerk's Office will sign and seal his summonses and return them to him. The summonses must then be served upon defendants by an appropriate server, and return of service must be filed with the Court.

**Option II:**  Plaintiff has the option of electing to serve defendants with the "Waiver of Service" form pursuant to Federal Rule of Civil Procedure 4(d). If plaintiff uses this option, he must fill out a "Waiver of Service" form and send them, along with a copy of the complaint and a self-addressed and stamped envelope, to defendants.[1] The Court will order the Clerk of Court to forward these forms with the copy of this order.  If defendants choose not to waive service, plaintiff will then need to serve each with a summons.

Plaintiff shall have ninety (90) days from the date of this order in which to serve each defendant. *See* Fed. R. Civ. P. 4(m). Failure to serve a defendant will result in the dismissal of that defendant without prejudice, unless plaintiff demonstrates good cause for the failure.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **DENIED AS MOOT.**

---

[1]If plaintiff chooses to serve defendants by waiver, he should file a notice with the Court informing the Court of his intention. Additionally, after a defendants signs one copy of the waiver and returns it to plaintiff, plaintiff should file his copy of the signed waiver with the Court.

3

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff: (i) a file-stamped copy of the complaint; (ii) three (3) summons forms; (iii) a "Notice of Intent to Use Private Process Server" form; and (iv) three (3) "Waiver of Service" forms.

**IT IS FURTHER ORDERED** that plaintiff shall cause service to be effected upon defendants **no later than ninety (90) days from the date of this order**. In the absence of good cause shown, failure to timely serve said defendants shall result in the dismissal of plaintiff's claims as to said defendants without prejudice.

*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 16th day of November, 2022.

4