# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| AYMAN AMARA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-CV-1054 RLW |
| | ) |
| BOEING, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This closed matter is before the Court on Plaintiff's pro se Motion to Extend Right to Sue Boeing Due to Medical Conditions.  (ECF No. 16).  The Court construes Plaintiff's motion as one for relief under Rule 60(b) of the Federal Rules of Civil Procedure.[1]  The Court will deny Plaintiff's motion.

On October 3, 2022, Plaintiff filed this employment discrimination action against his former employer Boeing.  (ECF No. 1).  In an Order entered on November 16, 2022, this Court denied Plaintiff's request for appointed counsel, and directed Plaintiff to effectuate service on Defendants "**no later than ninety (90) days from the date of this order**."  (ECF No. 6) (emphasis original).  The Order admonished: "In the absence of good cause shown, failure to timely serve said defendants shall result in the dismissal of plaintiff's claims as to said defendants without prejudice."  *Id.*  The Order also directed the Clerk of Court to send Plaintiff a file-

---

[1] The Court does not construe Plaintiff's motion as seeking relief under Rule 59(e) of the Federal Rules of Civil Procedure because Plaintiff's time for seeking such relief has expired.   Fed. R. Civ. P. 59(e) (within 28 days from entry of judgment, plaintiff may file motion to alter or amend judgment); *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (citing Fed. R. Civ. P. 6(b)(2) (prohibiting extensions to Rule 59(e)'s deadline)).

stamped copy of the complaint, summons forms, a "Notice of Intent to Use Private Process Server" form, and "Waiver of Service" forms. *Id.* Plaintiff did not effectuate service. On May 3, 2023, the Court entered an Order dismissing the case without prejudice pursuant to Rule 41(b), Fed. R. Civ. P., due to Plaintiff's failure to comply with the Court's prior order. (ECF No. 15). On April 1, 2024, Plaintiff filed the instant motion. Plaintiff states therein that he wishes to "preserve [his] right to sue Boeing." He further states he has been unable to obtain counsel due to medical reasons and hopes the Court will appoint him one. (ECF No. 16).

Rule 60(b) provides for extraordinary relief only upon an adequate showing of exceptional circumstances. Fed. R. Civ. P. 60(b) (setting forth grounds upon which Court may grant relief from judgment or order); *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003). Upon review of the record and Plaintiff's present motion, Plaintiff asserts none of the enumerated grounds for granting Rule 60(b) relief and has failed to show exceptional circumstances justifying such relief. The Court therefore declines to grant relief under Rule 60(b). *See Freeman v. Wyeth*, 764 F.3d 806, 809-10 (relief from judgment warranted in only exceptional cases; discussing excusable neglect inquiry); *see also Chambers v. Armontrout*, 16 F.3d 257, 261 (8th Cir. 1994) ("Absent extraordinary circumstances, Rule 60(b) motion cannot be used to remedy a failure to take an appeal").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Extend Right to Sue Boeing Due to Medical Conditions (ECF No. 16) is **DENIED**.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this __11th__ day of April, 2024.